# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JASON J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02655-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY SCHOOLS, SHELBY ) | |
| COUNTY SCHOOL BOARD, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION'S HOLDING, BUT MODIFYING THE REASONING

The Magistrate issued a Report and Recommendation (ECF No. 9) addressing the appropriate disposition of this case. (ECF No. 1.) In the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's claims under 42 U.S.C. § 1983 and breach of contract should be dismissed with prejudice for failure to state a claim. And it recommends that any claims for slander or defamation should be dismissed without prejudice for lack of subject matter jurisdiction. Finally, the Magistrate Judge recommends that the Court certify, under 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith.

As to the 42 U.S.C. § 1983 claim, the Magistrate Judge found that Plaintiff did not plead either the deprivation of a constitutional right or state action.[1] As to breach of contract,

---

[1] The Court modifies the Magistrate Judge's reasoning to find that Plaintiff sufficiently pleaded the existence of state action for purposes of a 42 U.S.C. § 1983 claim. The Shelby County School Board and Shelby County Schools are state actors. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288 (2001).

the Magistrate Judge held that Plaintiff did not plead the existence of a contract. Plaintiff did not plead that the controversy exceeds $75,000 to satisfy diversity jurisdiction for any remaining claims.

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Here, no objections to the Report and Recommendation have been filed, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error and ADOPTS the Report and Recommendation (ECF No. 9), but MODIFIES its reasoning.

Thus, the Court Orders that Plaintiff's 42 U.S.C. § 1983 or breach of contract claims be dismissed with prejudice and that all other claims be dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED**, this 12th day of December, 2018.

s/ Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE